**Donald MONTERO, Plaintiff–Appellant,**

v.

**Brion TRAVIS, Commissioner; Kenneth Graber, Commissioner, Defendants–Appellees.**

No. 98–2063.

United States Court of Appeals, Second Circuit.

Submitted March 3, 1999.

Decided March 26, 1999.

Donald Montero, Moravia, NY, pro se.

Thomas B. Litsky, Assistant Attorney General, State of New York, New York, N.Y. (Dennis C. Vacco, Attorney General; John W. McConnell, Deputy Solicitor General; Michael S. Belohlavek, Assistant Attorney General, on the brief), for amicus curiae State of New York.

Before: JACOBS and SOTOMAYOR, Circuit Judges, and SAND,* District Judge.

* The Honorable Leonard B. Sand, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

Plaintiff-appellant Donald Montero appeals from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*). Montero commenced this 42 U.S.C. § 1983 action *pro se*, alleging that defendant-appellee Kenneth Graber, Commissioner of the New York State Board of Parole, violated his constitutionally-protected liberty interests by revoking his parole and resentencing him to six years' incarceration without due process of law. The court dismissed the claim against Graber on the ground that he was entitled to absolute immunity. The district court also dismissed as frivolous Montero's claim against co-defendant Brion Travis, Chairman of the Board of Parole, on the ground that Montero failed to allege Travis's personal involvement in the claimed constitutional violations. We agree that the claim against Travis was frivolous, and we hold that Graber was entitled to absolute immunity because he was acting in a quasi-judicial capacity when he revoked Montero's parole. We therefore affirm the district court's judgment dismissing Montero's complaint.

## BACKGROUND

Montero was an inmate at the Groveland Correctional Facility, New York State Department of Correctional Services, when he was paroled on May 21, 1997. Four days after Montero was released, he was arrested for allegedly violating a condition of his parole. Graber presided over Montero's final parole-revocation hearing and resentenced Montero to a six-year term of imprisonment.

In his complaint, Montero alleged that before the parole revocation hearing, he had appeared before Graber on several occasions during which Graber behaved in a hostile and unprofessional manner, and, out of malice, denied Montero parole release. Montero maintained that Graber's subsequent decision to revoke his parole was "arbitrary, capricious and based on Graber's past history of conflict with plaintiff." He further maintained that because Graber was a parole administrator and not an impartial judge, Graber's revocation of Montero's parole violated Montero's constitutional right not to be deprived of liberty without due process. Montero did not describe Travis's involvement in the constitutional violations alleged in his complaint. Montero sought money damages and injunctive relief prohibiting retaliation by the defendants for his filing of the present suit.

The district court *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2). Against Travis, the complaint was dismissed on the ground that it failed to allege his personal involvement in a violation of Montero's constitutional rights. Against Graber, the complaint was dismissed on the ground that he was serving in a quasi-judicial capacity and was therefore entitled to absolute immunity.

On appeal, defendants-appellees, who were never served with Montero's complaint, declined to submit a brief. The State of New York, however, filed an amicus brief arguing that parole board members are entitled to absolute immunity when deciding whether to grant, deny or revoke parole.

## DISCUSSION

This appeal presents the question of whether parole board officials are entitled to an absolute immunity defense when granting, denying or revoking parole. The district court held that Graber was entitled to absolute immunity and dismissed Montero's complaint against Graber pursuant to 28 U.S.C. § 1915(e)(2), which allows for dismissal of an action if it is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (iii). An action is "frivolous" for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325,

327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint will be dismissed as "frivolous" when "it is clear that the defendants are immune from suit." *Id.* at 327, 109 S.Ct. 1827.[1]

 Montero brought his action pursuant to § 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. It is, however, well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages. *See, e.g., Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the "hearing examiner or administrative law judge ... is 'functionally comparable' to that of a judge." *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *see also Cleavinger,* 474 U.S. at 200, 106 S.Ct. 496; *Oliva v. Heller,* 839 F.2d 37, 39 (2d Cir.1988).

In *Scotto v. Almenas,* 143 F.3d 105 (2d Cir.1998), we stated that "parole board official[s][are] absolutely immune from liability for damages when [they] 'decide to grant, deny, or revoke parole,' because th[ese] task[s][are] functionally comparable to [those] of a judge." *Id.* at 111 (quoting *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.1981)). *Scotto,* however, did not concern a parole board commissioner who, like Graber, presided over a parole revocation hearing. Rather, *Scotto* involved a parole official who merely recommended that a warrant be issued for a parolee's arrest, and we held that an official performing this function was not entitled to absolute immunity. *See id.* Because the parole official in *Scotto* was not performing an adjudicative function, *Scotto 's* broad language concerning absolute immunity for parole board officials who perform adjudicative functions was dicta.

Here, however, there is no dispute that when Graber presided over Montero's parole revocation hearing, Graber was performing an adjudicative function. Montero has only complained that because Graber was an administrator who was biased against him, he should not have performed that function at all. The concerns that provide the primary rationales for affording judges absolute immunity when performing actions within their judicial capacity, however, apply with equal force to parole board officials deciding whether to grant, deny or revoke parole. *See Sellars,* 641 F.2d at 1303 (discussing rationales for affording parole board officials absolute immunity). If parole board officials, like judges, were to fear adverse consequences from their parole decisions, they would experience great difficulty in rendering impartial decisions, a responsibility essential to the proper functioning of the penal system. *See id.; c.f., e.g., Stump,* 435 U.S. at 355, 98 S.Ct. 1099 (noting that judges cannot adequately perform their duties if burdened by apprehension of retaliatory consequences); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871) (holding that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in

---

1. Prior to the 1996 amendments to § 1915, dismissals of *in forma pauperis* actions under the statute were reviewed for abuse of discretion. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Since the amendments, however, at least one circuit has ruled that a *de novo* standard applies. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). We need not determine the applicable standard in this case because we would affirm the district court's judgment even under the more searching *de novo* standard of review.

him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"). What is more, parole board officials, like judges, may find themselves spending an inordinate amount of time and expense defending against baseless suits brought by disappointed parolees, thereby distracting parole board officials from their crucial duties in administering the state's penal system. *See Sellars*, 641 F.2d at 1303; *cf., e.g., Imbler v. Pachtman*, 424 U.S. 409, 423–24, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (discussing the deflection of prosecutors' energies that would occur if they were subject to § 1983 suits).

■ For these reasons, we join our sister circuits and hold directly that parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir.1996); *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (per curiam); *Walrath v. United States*, 35 F.3d 277, 281–82 (7th Cir.1994); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir.1992); *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir.1988); *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir.1987); *Anderson v. Boyd*, 714 F.2d 906, 908–10 (9th Cir.1983). Because Graber was serving a quasi-adjudicative function in revoking Montero's parole, he was entitled to absolute immunity, and the district court properly dismissed the claim against him.[2]

■ Montero's argument that a parole commissioner should not simultaneously wear both an administrative and an adjudicative hat does not affect the immunity analysis. Courts take a functional approach when evaluating a defendant's entitlement to absolute immunity for a particular act. Under this functional analysis, the level of immunity "flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Cleavinger*, 474 U.S. at 201, 106 S.Ct. 496 (internal citation omitted) (quoting *Butz*, 438 U.S. at 511, 98 S.Ct. 2894); *see also Stewart v. Lattanzi*, 832 F.2d 12, 13 (2d Cir.1987). Consequently, Graber's rank and title as "Commissioner" does not, in and of itself, invalidate his quasi-judicial role. With respect to Montero's claim that Graber was "biased" against him, absolute immunity applies to a judicial function, like revoking parole, even where such action "was in error" or "was done maliciously." *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir.1990) (quoting *Stump*, 435 U.S. at 356–57, 98 S.Ct. 1099); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) ("[J]udicial immunity is not overcome by allegations of bad faith or malice. . . .").

■ Absolute immunity bars not only Montero's § 1983 claim for damages but also his claim for injunctive relief. The 1996 amendments to § 1983 provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Montero, however, alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Montero's claim for injunctive relief is therefore barred under § 1983.

■ Finally, the claim against Travis was properly dismissed as frivolous be-

---

**2.** Because Montero does not allege that Graber lacked jurisdiction over Montero's parole status, *see Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (holding that judicial immunity may be overcome when a judge takes action in the complete absence of all jurisdiction), we find here no exception to the absolute immunity rule.

cause Montero never alleged any facts describing Travis's personal involvement in the claimed constitutional violations. *See Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir.1997) (requiring allegation of direct personal involvement to state a § 1983 claim against a supervisory official).

## CONCLUSION

For the reasons set forth above, parole board officials, like Graber, are entitled to absolute immunity from liability for damages under § 1983 for their decisions to grant, deny or revoke parole. Parole board officials performing such functions are also entitled to absolute immunity against claims for injunctive relief in circumstances where there is no allegation that the defendant violated a declaratory decree or that declaratory relief was unavailable. The claim against Travis is frivolous because Montero has not alleged Travis's personal involvement in a constitutional violation. The judgment of the district court dismissing the complaint is therefore AFFIRMED.