**Irving SCHACHTER, Plaintiff–Appellant,**

v.

**Pam B. Jackman BROWN, Defendant.**

No. 03–7752.

United States Court of Appeals, Second Circuit.

April 1, 2004.

Irving Schachter, Flushing, NY, for Appellant, pro se.

PRESENT: McLAUGHLIN, JACOBS, Circuit Judges, and COVELLO, District Judge.*

*SUMMARY ORDER*

Irving Schachter appeals from the judgment entered in the United States District Court for the Eastern District of New York (Ross, *J.*), dismissing his complaint

---

* The Honorable Alfred V. Covello, United States District Judge for the District of Connecticut, sitting by designation.

*sua sponte* on the grounds that the court lacks subject matter jurisdiction and that, in any event, the defendant enjoys absolute immunity. The Office of the Attorney General of the State of New York informed the Court that it was "unable to appear as counsel" because the defendant "was not served with the complaint," but it offered to "submit an *amicus* brief at the Court's request." Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

The complaint is frivolous, whether reviewed *de novo* or for abuse of discretion. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 & n. 2 (2d Cir.2000) (per curiam). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In addition, for the reasons substantially stated by the district court, the *Rooker–Feldman* doctrine precludes subject matter jurisdiction over this claim. *See Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996); *see also* Fed. R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.