ORDER

Billie M. Massey and Georgie C. Massey (“the Masseys”) appeal pro se from a district court judgment that dismissed their civil right’s action, filed under 42 U.S.C. § 1983. Their appeal has been referred to a panel of this court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The Masseys primarily alleged that their constitutional rights were violated by a federal bankruptcy judge, because he rejected their Chapter 12 plan, terminated the automatic stay of their bankruptcy proceedings, and failed to adequately protect their interests regarding the distribution of their assets. The district court liberally construed these claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Masseys also alleged that a state court judge violated their rights by ordering the sale of their property to satisfy a judgment against them, by distributing the proceeds of the sale to judgment creditors, and by holding them in contempt when they refused to vacate the property. The district court dismissed the case on February 25, 2004, and it is from this judgment that the Masseys now appeal.
A de novo review of the record shows that the defendants were entitled to judicial immunity.
Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.
Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge’s judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.
*720 Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (citations omitted).
The Masseys now argue that “there is a systematic problem within our Justice System,” that the bankruptcy judge “enjoys the selective benefit of his position” because he is an acquaintance of a United States senator, and that the state court judge has a friend, who is a friend of the senator. However, they have not made a persuasive showing that the defendants acted outside the scope of their judicial capacity or that the defendants acted in the complete absence of jurisdiction. Hence, their claims for monetary relief were properly dismissed on grounds of absolute judicial immunity. See id. at 12; Mann v. Conlin, 22 F.3d 100, 104-05 (6th Cir.1994).
The Masseys also sought various forms of injunctive relief. These claims are unavailing as “injunctive relief shall not be granted” in an action brought against “a judicial officer for an act or omission taken in such officer’s judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.” 42 U.S.C. § 1983 (2003); accord Montero v. Travis, 171 F.3d 757, 761 (2d Cir.1999).
Accordingly, the district court’s judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.