

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Azubuko v. Saris

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Azubuko v. Saris" (2006). *2006 Decisions*. Paper 1566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4156
_____

CHUKWUMA E. AZUBUKO,
Appellant

v.

JUDGE PATTI S. SARIS IN OFFICIAL CAPACITY;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04037)
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
January 20, 2006

Before: ROTH, RENDELL AND AMBRO, CIRCUIT JUDGES

(Filed February 16, 2006 )

_____

OPINION
_____

PER CURIAM

    In August 2005, Chukwuma Azubuko filed a pro se complaint in the United States

District Court for the District of New Jersey.  In his complaint, Azubuko alleged that

Judge Patti S. Saris violated his First, Fifth, and Thirteenth Amendment rights by enforcing a 1995 injunction which prohibited him from filing any further documents in the United States District Court for the District of Massachusetts without prior judicial approval. Azubuko sought monetary damages as well as injunctive relief. By order entered August 18, 2005, the District Court granted Azubuko's motion to proceed in forma pauperis and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) on the ground that the defendants were entitled to immunity from suit. Azuboko filed a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which was denied by the District Court on September 1, 2005. This appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal for failure to state a claim or for frivolousness is plenary. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of a Rule 59(e) motion for abuse of discretion. See Le v. Univ. of Pennsylvania, 321 F.3d 403, 405-06 (3d Cir. 2003). After a careful review of the record and consideration of Azubuko's arguments on appeal, we agree with the District Court's disposition of this matter.

It is a well-established principle that judges are absolutely immune from suit for damages when they act in a judicial capacity. See, e.g., Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to

2

liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Here, Azubuko's complaint consists entirely of allegations regarding actions taken by Judge Saris in her judicial capacity. Azubuko makes no allegations that would support a determination that Judge Saris acted in the complete absence of all jurisdiction. Thus, Azubuko's damages claim fails.

Azubuko's request for injunctive relief is also unavailing. In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining that the amendment applies to both state and federal judges); see also Mullis v. United States Bankr. Court for the Dist. of Nev., 828 F.2d 1385 (9th Cir. 1987); Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.5 (1993) (noting that the rules regarding judicial immunity do not distinguish between lawsuits brought against state officials and those brought against federal officials). Because Azubuko has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Azubuko does not address the actions of Judge Saris other than in her judicial capacity, his claim for injunctive relief is barred under § 1983. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

The remaining defendant, the United States of America, is also protected from suit by a different form of immunity. "Absent a waiver, sovereign immunity shields the Federal Government . . . from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). There is no explicit waiver in this case. The United States of America is, therefore, entitled to absolute immunity.

One matter remains. When it dismissed Azubuko's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court did not grant him leave to amend or explicitly consider whether any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). We need not remand this matter to the District Court, however, because we cannot conceive of any viable federal claim that Azubuko could possibly have brought on these facts. See Grayson, 213 F.3d at 108 (noting that amendment "must be permitted . . . unless it would be inequitable or futile").

For the foregoing reasons, we will affirm the District Court's orders dismissing Azubuko's complaint and denying his motion for reconsideration.