Mark E. GLAVIN, Joseph R. McCarthy, Marcellus Overton, Martha R. Seaberry, Dedrick G. Williams, Plaintiffs–Appellants,

v.

Robert M. RESTAINO, Individually, and in his official capacity as a Judge of the Niagara Falls City Court, Defendant–Appellee.

No. 06–1602–cv.

United States Court of Appeals, Second Circuit.

Dec. 28, 2006.

David Gerald Jay, Esq., Buffalo, New York (Kevin J. Baur, Esq., Albany, New York, on the brief), for Plaintiffs–Appellants.

Denise A. Hartman, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General of the State of New York, on the brief, Peter H. Schiff, of counsel) Albany, New York, for Defendant–Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. PETER W. HALL, Circuit Judges, Hon. DORA L. IRIZARRY, District Judge.*

## SUMMARY ORDER

Plaintiffs–Appellants appeal from a March 28, 2006, judgment of the United States District Court for the Western District of New York (William M. Skretny, *District Judge*) granting defendant's motion to dismiss. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Plaintiffs brought this action under 42 U.S.C. § 1983, alleging that defendant, a judge of the Niagara Falls City Court, violated their constitutional rights when he summarily detained them and assessed new bail requirements for each of them based on his conclusion that each had failed to cooperate in his investigation of a disturbance in the courtroom. The district court granted defendant's motion to dismiss pursuant to Rule 12(b)(6) on the ground of absolute judicial immunity.

" 'When, as here, the district court resolves a qualified immunity issue on a motion to dismiss, we review the court's determination *de novo,* accepting as true all the material allegations of the complaint, and draw all reasonable inferences in the plaintiff's favor.' " *Pena v. DePrisco,* 432 F.3d 98, 107 (2d Cir.2005) (quoting *Anderson v. Recore,* 317 F.3d 194, 197 (2d Cir.2003)). A judge is immune from suit for challenged actions relating to the exercise of his or her judicial functions, unless the judge acted in the clear absence of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Huminski v. Corsones,* 396 F.3d 53, 74–75 (2d Cir.2005) (" '[A]llegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial,' " do not overcome the Court's "determination that a judicial official is entitled to judicial immunity." (quot-

---

* The Honorable Dora L. Irizarry, District Judge for the Eastern District of New York, sitting by designation.

ing *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam))). The factors to determine whether an act is judicial "relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362, 98 S.Ct. 1099; *accord Huminski*, 396 F.3d at 75.

New York State Judiciary Law § 750 provides that "[a] Court of record has power to punish for a criminal contempt, a person guilty of ... [b]reach of the peace, noise, or other disturbance, directly tending to interrupt its proceedings." N.Y. Jud. Law § 750(A). Additionally, judges in New York have jurisdiction to set bail. N.Y. Criminal Procedure Law art. 530; N.Y. Criminal Procedure Law § 530.60(1) (judge can revoke or increase bail during pendency of criminal proceedings).

Accordingly, the judge here was not acting in clear absence of jurisdiction when he punished plaintiffs for the courtroom disturbances by either detaining them or increasing their bail. He had the authority to issue contempt sanctions summarily and to assess bail upon the plaintiffs, and his motives in doing so are irrelevant. *Huminski*, 396 F.3d at 75. Second, the "general nature and function" of Judge Restaino's response to disturbances in his courtroom were substantially judicial, *id.* at 78; *see also Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir.1994) (noting judge was judicially immune from suit for actions such as barring court employee from courtroom or criticizing employee in open court because "he was controlling the proceedings in his courtroom and therefore was entitled to immunity"), and there was a "nexus" between Judge Restaino's ac-

tions and the cases before him. *See Huminski*, 396 F.3d at 78. Finally, while he was presiding over their cases in open court, the plaintiffs were certainly "deal[ing] with the judge in his judicial capacity." *Stump*, 435 U.S. at 362, 98 S.Ct. 1099.

In addition, to the extent plaintiffs now request that this Court fashion a remedy of declaratory relief instead of injunctive relief, we reiterate the district court's assertion that plaintiffs' injunctive remedy is barred under § 1983 where plaintiffs did not assert before that court any exception to § 1983's prohibition against injunctions below. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999). We have considered plaintiffs' remaining claims and conclude they are without merit.

Although we affirm the dismissal of this federal lawsuit, we deem the conduct alleged in the complaint to be entirely inappropriate for a judicial officer, and we are gratified to have learned at oral argument from counsel for the appellee that the appropriate disciplinary authorities of the State of New York have conducted an extensive hearing into the propriety of Judge Restaino's conduct.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**