David **LAWRENCE,** Plaintiff–Appellant,

v.

Craig **RAMSEUR,** individually and in his official capacity as Court Attorney Referee, **Wanda Wardlaw Matthews,** individually and in her official capacity as Court Attorney Referee, Defendants–Appellees.

No. 14–2423.

United States Court of Appeals, Second Circuit.

June 10, 2015.

David Lawrence, Valley Stream, NY, pro se.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant David Lawrence ("Lawrence"), proceeding *pro se*, appeals from the District Court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Lawrence filed this action against two state court officials alleging that the state court's entry of a temporary order of protection against him violates his constitutional rights and seeking the order's dismissal and other related relief. The District Court *sua sponte* dismissed his complaint, concluding that the abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), deprived the court of subject matter jurisdiction. We review *de novo* a district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001). Moreover, we are free to affirm a decision on any grounds supported in the record, even if it is not one on which the District Court relied. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

While a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests," it must nonetheless "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir.2013) (internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Here, Lawrence fails to plausibly allege facts sufficient to state a federal claim.[1] *Cf. Montero v. Travis*, 171 F.3d

757, 761 (2d Cir.1999); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). We have considered all of Lawrence's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED.**

---

1. In addition, Lawrence sporadically reargues points that he raised in a previous, related appeal. We dismissed that appeal, also pursuant to 28 U.S.C. § 1915(e), because "it lack[ed] an arguable basis in law or fact."

---

*Lawrence v. Hoyos*, No. 14–959, Doc. No. 21 (2d Cir. June 20, 2014).

