14-2423
*Lawrence v. Ramseur*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
               PETER W. HALL,
               SUSAN L. CARNEY,
                      *Circuit Judges.*

---

DAVID LAWRENCE,

           *Plaintiff-Appellant,*

     -v.-                             No. 14-2423

CRAIG RAMSEUR, individually and in his official capacity as Court Attorney Referee, WANDA WARDLAW MATTHEWS, individually and in her official capacity as Court Attorney Referee,

           *Defendants-Appellees.*

---

FOR APPELLANT:          David Lawrence, *pro se*, Valley Stream, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David Lawrence ("Lawrence"), proceeding *pro se*, appeals from the District Court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Lawrence filed this action against two state court officials alleging that the state court's entry of a temporary order of protection against him violates his constitutional rights and seeking the order's dismissal and other related relief. The District Court *sua sponte* dismissed his complaint, concluding that the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971), deprived the court of subject matter jurisdiction. We review *de novo* a district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.

2001). Moreover, we are free to affirm a decision on any grounds supported in the record, even if it is not one on which the District Court relied. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

While a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests," it must nonetheless "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, Lawrence fails to plausibly allege facts sufficient to state a federal claim.[1] *Cf. Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002). We have considered all of Lawrence's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In addition, Lawrence sporadically reargues points that he raised in a previous, related appeal. We dismissed that appeal, also pursuant to 28 U.S.C. § 1915(e), because "it lack[ed] an arguable basis in law or fact." *Lawrence v. Hoyos*, No. 14-959, Doc. No. 21 (2d Cir. June 20, 2014).