Li v. Rabner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.**

**PRESENT:**
          **PIERRE N. LEVAL,**
          **ROSEMARY S. POOLER,**
          **RICHARD C. WESLEY,**
               *Circuit Judges.*

---

FENG LI,

       *Plaintiff-Appellant*,

       v.                                        15-1711

STUART RABNER, in his official capacity as Justice of the State of New Jersey, and in his individual capacity, ARTHUR BERGMAN, in his official capacity as a Judge of the State of New Jersey, and his individual capacity, BERNARD A. KUTTER, in his official capacity as a Special Ethics Master of the State of New Jersey, and in his individual capacity, JANICE L. RICHTER, in her official capacity as Council of Office of Ethics Counsel, and in her individual capacity, Office of Attorney Ethics Disciplinary Review Board, Supreme Court of the State of New Jersey, Superior Court of the State of New Jersey, State of New Jersey,

       *Defendants-Appellees*.

---

**FOR PLAINTIFF -APPELLANT:**     Feng Li, pro se, New York, New York.

**FOR DEFENDANTS -APPELLEES:**     No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Feng Li, a lawyer proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. Li sued the State of New Jersey, its courts, judges, and other individuals involved in his disbarment in that State. Among his claims, he challenged the constitutionality of a New Jersey Court Rule, which permitted the State to discipline him for conduct occurring in New York, and he requested damages and injunctive and declaratory relief. The district court dismissed sua sponte, ruling that the defendants were immune from suit and it lacked jurisdiction under the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). We have not yet decided whether such dismissals are reviewed *de novo* or for abuse of discretion, but we need reach that issue here because the district court's decision "passes muster under the more rigorous *de novo* review." *Id*. at 364 n.2. Further, we may "affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

Upon review, we conclude that the district court properly dismissed the complaint. Except as discussed below, we affirm for substantially the reasons stated by the district court in its thorough April 22, 2015 decision.

On appeal, Li argues that the defendants are not immune from suit under the Eleventh Amendment because he sought prospective relief. As to the State and its courts, the Eleventh Amendment bars a suit "regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As to the individual defendants, generally, state officials are not immune under the Eleventh Amendment if the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). However, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The individual defendants here were "judicial officer[s]" because they were either judges, or because they were acting as a as a "quasi-judicial" body, that entitled its members to quasi-judicial immunity. *See Montero v. Travis*, 171 F.3d 757, 759, 761 (2d Cir. 1999) (ruling parole commissioner was "entitled to absolute immunity because he was acting in a quasi-judicial capacity" and plaintiff's claim for injunctive relief was barred because he did not allege "the violation of a declaratory decree, nor the unavailability of declaratory relief"). Li does not allege that the defendants violated a declaratory decree or that this relief was unavailable. Thus, his claims for injunctive relief were properly dismissed.

Moreover, Li's brief does not identify the equitable relief he seeks or advance any argument explaining how the relief he sought in the complaint would be prospective. As an

3

attorney, Li is not entitled to a liberal reading of his brief. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). He has therefore failed to show that the dismissal of these claims was erroneous.

As to the court's *Rooker-Feldman* ruling, this doctrine does not apply to Li's challenge to the constitutionality of the state court rule. "[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 487-88 (1983).

Nonetheless, we affirm the dismissal of the complaint. Li requested that the court declare New Jersey Court Rule 1:20-3 void because "it allows [the] New Jersey Office of Attorney Ethics to regulate out-state attorney for a contract dispute which happened out-state without jurisdiction violating out-state attorney's constitution rights." The jurisdiction of the Office of Ethics is set out in a different rule, Court Rule 1:20-1(a), which provides that every attorney "authorized to practice law in the State of New Jersey . . . shall be subject to the disciplinary jurisdiction of the Supreme Court as set forth in the Constitution of 1947, Article 6, Section 2, Paragraph 3."

Regardless of which Rule he challenges, Li's argument that New Jersey violated his right to due process by disciplining him for his conduct in New York is frivolous, and he cites to no legal authority for his proposition that New Jersey could not constitutionally discipline a member of its bar for conduct in another state.

We have considered all of Li's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4