24-855-cv
*Sibley v. Watches*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty-five.

PRESENT:
REENA RAGGI,
GERARD E. LYNCH,
BETH ROBINSON,
*Circuit Judges.*

_____

Montgomery Blair Sibley,

*Plaintiff-Appellant,*

v.                                                          24-855

Chauncey J. Watches, Erin M. Peradotto, John V. Centra, John M. Curran, Brian F. DeJoseph, Jenny Rivera, Michael J. Garcia, Anthony Cannataro, Madeline Singas, Shirley Troutman,

*Defendants-Appellees,*

**His Excellency Andrew Mark Cuomo, solely in his official capacity as the Chief Administrative Officer of the State of New York, Kathleen Hochul, Letitia James, James L. Allard, solely in his official capacity as Sheriff of Steuben County, New York, Brooks Baker, solely in his official capacity as District Attorney of Steuben County, Keith M. Corlett, solely in his official capacity as Superintendent of the New York State Police, Janet DiFiore, Steven Nigrelli, Rowan D. Wilson, Steven G. James, Acting as Superintendent of the State Police,**

*Defendants.*\*

—————————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MONTGOMERY BLAIR SIBLEY, pro se, Odessa, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY. |

Appeal from the March 19, 2024 judgment of the United States District Court for the Western District of New York (Geraci, Jr., *Judge*).

—————————————————

\* The Clerk's office is directed to amend the caption as directed above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

In 2019, Plaintiff-Appellant Montgomery Sibley, representing himself, sued Defendant-Appellee Chauncey Watches ("Judge Watches"), a Steuben County (New York) judge, alleging that Watches wrongly denied Sibley's application for a firearms license. In 2022, this Court remanded Sibley's appeal of the dismissal of his fourth amended complaint for the district court to consider the impact, if any, of *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), on Sibley's claims. *Sibley v. Watches*, No. 21-1986-cv, 2022 WL 2824268, at \*1 (2d Cir. July 20, 2022).

After remand, Sibley filed a Fifth Amended Complaint against Judge Watches as well as Defendants-Appellees Erin M. Peradotto, John V. Centra, John M. Curran, Brian F. DeJoseph, Jenny Rivera, Michael J. Garcia, Anthony Cannataro, Madeline Singas, and Shirley Troutman (the "Judges"), all of whom are or were judges or justices of New York state courts.[1] Sibley alleges that Judge Watches violated his constitutional rights by denying his handgun license and that

---

[1] The Fifth Amended Complaint also included claims against Defendants Kathleen Hochul, Janet DiFiore, Kevin P. Bruen (who was later substituted by Defendant Steven Nigrelli, who in turn was substituted by Defendant Steven G. James), Letitia James, and Rowan D. Wilson, but Sibley voluntarily dropped his claims against those defendants.

3

the other Judges did so by ruling against him in subsequent Article 78 proceedings and appeals. He sought declaratory and injunctive relief against each defendant, and requested money damages from all the defendants except for Judge Watches.

The district court granted the defendants' motion to dismiss, concluding, among other things, that Sibley's claims were barred by the Eleventh Amendment and absolute judicial immunity. *Sibley v. Watches*, 19-CV-6517 (FPG), 2024 WL 1157047, at *4 (W.D.N.Y. Mar. 18, 2024). Sibley appealed.

We review a district court's dismissal pursuant to Rule 12(b)(6) without deference to the district court's reasoning, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (reviewing district court's dismissal on basis of judicial immunity).

We agree with the district court that Sibley's claims were barred by the doctrine of judicial immunity. As to Sibley's claims for money damages, "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988); *see also Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges

4

generally have absolute immunity from suits for money damages for their judicial actions."). Absolute immunity ensures that judicial officers, in exercising their judicial authority, "shall be free to act upon [their] own convictions, without apprehension of personal consequences." *Id.* (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)) (internal quotation marks omitted).

"In determining whether an act by a judge is 'judicial,' thereby warranting absolute immunity, we . . . take a functional approach, for such 'immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches.'" *Bliven*, 579 F.3d at 209–10 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Here, Sibley alleges he was entitled to money damages from the Judges other than Judge Watches because these Judges erred by declining to address issues he raised in his Article 78 action and appeals. These claims stemming directly from the Judges' rulings in a civil action under Article 78 or appeal present a "paradigmatic" case for judicial immunity. *Forrester*, 484 U.S. at 227 ("When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial."). Indeed, we have said

5

as much in summary orders. *See McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 32 (2d Cir. 2019) ("Based on these allegations [about conduct in Article 78 proceeding], both judges were engaged in judicial actions for which absolute judicial immunity attaches."); *Brodsky v. New York City Campaign Finance Board by Weisman*, 796 F. App'x 1, 5 n.1 (2d Cir. 2019) (noting that judicial immunity applied when a judge "presided over [plaintiff's] Article 78 lawsuit").

As for Sibley's claims for injunctive relief against the Judges, such relief is available against judicial officers only when "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Sibley did not identify a declaratory decree that the defendants violated, nor did he establish that declaratory relief was unavailable. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (concluding that a judge was entitled to immunity from a claim for injunctive relief because the plaintiff "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief").

We also agree with the district court that Sibley's requests for retrospective declaratory and injunctive relief against Judge Watches and the other Judges—in particular, an order declaring that the defendants violated Sibley's rights in the past and directing Judge Watches to issue Sibley a pistol permit—is barred by the

6

Eleventh Amendment. *See, e.g., T.W. v. New York State Board of Law Examiners*, 110 F.4th 71, 92 (2d Cir. 2024) (explaining that to the extent plaintiff sought a declaration that the Board "*violated* Title II," "in the past tense," the claim was "facially retrospective" and thus barred); *see also Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (noting that the *Ex parte Young* exception to Eleventh Amendment immunity "does not permit judgments against state officers declaring that they violated federal law in the past").

Finally, the district court correctly held that Sibley's Article 78 proceedings provided procedural due process to appeal the denial of his gun license permit. "An Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes." *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001); *see also Gudema v. Nassau County*, 163 F.3d 717, 724–25 (2d Cir. 1998) (concluding that the availability of an Article 78 proceeding after a deprivation of rights provides a plaintiff with due process, even if the plaintiff fails to take advantage of that proceeding).

We have considered Sibley's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Sidley's pending motion—asking us to certify to the Supreme Court the question

whether the Civil Rights Act of 1871 preempts the doctrine of judicial immunity—

is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court