David B. JACOBS, Plaintiff–Appellant,

v.

Michael MOSTOW, Horace Williams, Herschel Williams, Arnold Goldberg, Roosevelt Union Free School District, Board of Education of the Roosevelt Union Free School District, Glenn Simmons, Arthur Regal, Jaspan, Schlesinger, Hoffman, LLP, Lawrence J. Tenenbaum, Steven A. Fayer, M.D., NCS Pearson, Inc., Randall Solomon, M.D., New York State United Teachers, Roosevelt Teachers' Association, The New York State Teachers' Retirement System, The State of New York Education Department, The State of New York, Defendants–Appellees,

The American Arbitration Association, Defendant.

No. 06–4829–cv.

United States Court of Appeals, Second Circuit.

March 27, 2008.

David B. Jacobs, pro se.

Melissa Holtzer (Brian S. Sokoloff, on the brief), Miranda Sokoloff Sambursky Slone Verveniotis, LLP, Mineola, NY, for Michael Mostow, Horace Williams, Herschel Williams, Arnold Goldberg, Roosevelt Union Free School District, and Board of Education of the Roosevelt Union Free School District. William D. Buckley, Garbarini & Scher, P.C., New York City, for Arthur A. Riegel s/h/a Arthur Regal. Stanley A. Camhi, Jaspan Schlesinger Hoffman LLP, Garden City, NY, for Jaspan Schlesinger Hoffman LLP and Lawrence Tenenbaum. Laura Evangelista (Ricki E. Roer, on the brief), Wilson Elser Moskowitz Edelman & Dicker LLP, New York City, for Steven A. Fayer, M.D. Jonathan M. Herman (Marc S. Reiner, on the brief), Dorsey & Whitney, LLP, New York City, for NCS Pearson, Inc. Brian Lee (William Robert Devine, on the brief), Ivone, Devine & Jensen, LLP, Lake Success, NY, for Randall A. Solomon, M.D. Christopher M. Callagy, of counsel, for James R. Sander, General Counsel, New York State United Teachers, New York, for New York State United Teachers and Roosevelt Teachers Association.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. CAROL BAGLEY AMON, District Judge.[1]

## SUMMARY ORDER

On October 12, 2005, *pro se* plaintiff David Jacobs, a former tenured schoolteacher, filed suit against his past employer school district, the corresponding Board of Education, the State of New York, state agencies, and various individuals under 42 U.S.C. § 1983 for violations of constitutional rights relating to his employment, as well as under state law for corresponding torts. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atl. Corp. v. Twombly,* ── U.S. ──, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). We review the grant of a motion to dismiss *de novo,* "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007). A complaint should be especially liberally construed when it is submitted *pro se* and alleges civil rights violations. *See Fernandez v. Chertoff,* 471 F.3d 45, 51 (2d Cir.2006).

█ Jacobs's § 1983 claims are subject to New York's three-year statute of limitations for personal injury actions. *See Pearl v. City of Long Beach,* 296 F.3d 76, 79 (2d Cir.2002). Thus, to the extent Jacobs complains of actions that occurred

---

1. The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

before October 12, 2002, those claims are time-barred whether or not the district court specifically dismissed them for that reason. *See Bertin v. United States,* 478 F.3d 489, 491 (2d Cir.2007) ("We may, of course, affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." (internal quotation marks omitted)). The claims are not saved by equitable tolling or by delayed accrual, as Jacobs has not shown that "it would have been impossible for a reasonably prudent person to learn about his or her cause of action." *Pearl v. City of Long Beach,* 296 F.3d at 85 (specifying eligibility requirements for equitable tolling and delayed accrual). Nor has Jacobs convincingly pleaded that the actions of which he complains constitute a "continuing violation" that would avoid the statute of limitations, as he has not demonstrated that they "collectively constitute one unlawful employment practice." *Washington v. County of Rockland,* 373 F.3d 310, 317 (2d Cir.2004).

 Regarding those claims in Jacobs's complaint that concern events occurring after October 12, 2002, we preliminarily observe, as did the district court, that New York State and its agencies, the New York State Teachers Retirement System and the New York State Department of Education, are protected from suit by sovereign immunity under the Eleventh Amendment, regardless of whether the relief sought from them was legal or equitable in nature. *See Dube v. State Univ. of New York,* 900 F.2d 587, 594–95 (2d Cir. 1990). We also note that Jacobs's charges of negligence and malpractice against various defendants including, *inter alia,* Dr. Schlesinger, New York State United Teachers, and Jaspan Schlesinger Hoffman LLP, do not state federal claims, as mere negligence cannot violate due process. *See Pabon v. Wright,* 459 F.3d 241, 250 (2d Cir.2006) ("[S]imple lack of due care does not make out a violation . . . of the Due Process Clause of the Fourteenth Amendment."); *Shaul v. Cherry Valley–Springfield Cent. Sch. Dist.,* 363 F.3d 177, 187 (2d Cir.2004) ("It is well established that mere negligence is insufficient as a matter of law to state a due process violation.").

 We now turn to Jacobs's remaining claims, which stem from his hearing pursuant to New York Education Law § 3020–a in late 2003 and early 2004. First, we agree with the district court that any claims for damages against the arbitrator are barred by that individual's absolute immunity "for all acts within the scope of the arbitral process." *Austern v. Chicago Bd. Options Exch., Inc.,* 898 F.2d 882, 886 (2d Cir.1990). While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree, which is not this case. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999). Second, to the extent Jacobs complains of ineffective assistance of counsel, he fails to state a claim under § 1983 because no state or federal law guaranteed him counsel in his arbitration proceedings, *see Janvier v. United States,* 793 F.2d 449, 451 (2d Cir.1986) (noting that "Sixth Amendment right to counsel attaches only to criminal proceedings"), and, in any event, his complaint fails to identify any state actor, or person acting under color of state law, against whom § 1983 liability may attach, *see Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992). Finally, we address Jacobs's claim that he was deprived of due process by having only a single arbitrator, rather than a three-member panel, preside at his § 3020 hearing. This cause of action appears barred by the Eleventh Amendment, as the only defendants sued on this claim are

state parties. *See Dube v. State Univ. of New York*, 900 F.2d at 594–95. [A35] Even if the claim were filed against defendants not shielded by the Eleventh Amendment, it fails as a matter of law. For reasons stated by the district court, *i.e.*, that the terms "pedagogical incompetence" and "pedagogical judgment" clearly describe teaching ability and exclude other issues such as insubordination or mental fitness, § 3020–a is not void for vagueness and does not provide Jacobs with the right to a three-member panel. *See DeMichele v. Greenburgh Central Sch. Dist. No. 7*, 167 F.3d 784, 791–92 (2d Cir. 1999); *cf. Zhang v. United States Dep't of Justice*, 362 F.3d 155, 157–58 (2d Cir.2004) (concluding that due process does not require decisions by three-member panels of Board of Immigration Appeals). Nor do we identify any other argument in the complaint as to why § 3020–a, which provides a "full-blown adversarial hearing," *Strong v. Bd. of Uniondale Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir.1990), would in this case be inadequate to satisfy the requirements of due process, especially given Jacobs's failure to utilize the process afforded him by state law to appeal the arbitrator's decision,[2] *see* New York Educ. Law § 3020–a(5). *See generally Locurto v. Safir*, 264 F.3d 154, 173–75 (2d Cir.2001) (describing the relationship between pre- and post-deprivation process).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

2. Although Jacobs claims on this appeal that he was not informed of the arbitrator's decision in time to appeal, because he did not raise that argument in the district court, we consider it waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir.1994) ("[I]t is

a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

