16-910-cv
*Jackson v. Ramirez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand seventeen.

Present:
        AMALYA L. KEARSE,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

ROBERTO E. JACKSON,

        *Plaintiff-Appellant*,

        v.                               16-910

ANGIE RAMIREZ, LEWIS SQUILLACIOTI, GARFIELD BOLTON, JUDGE PORTER, MURIEL HARVEY, MS. BURGESS, MARIA DIMEO, CRISANTA ROCKWELL, M.D. YENER BALAN, GAIL WALTHALL, ANDREA EVANS, MONTEFIORE MEDICAL CENTER, NORTH DIVISION,

        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:        ROBERTO E. JACKSON, pro se, Bronx, NY

1

| | |
|---|---|
| For Defendants-Appellees: | DAVID LAWRENCE III, Assistant Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Barbara D. Underwood, Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY (for Angie Ramirez, Lewis Squillacioti, Garfield Bolton, Judge Porter, Muriel Harvey, Ms. Burgess, Gail Walthall, Andrea Evans); |
| | Elliott J. Zucker, Aaronson, Rappaport, Feinstein & Deustch, LLP, New York, NY (for M.D. Yener Balan, Montefiore Medical Center, North Division); |
| | MILAN P. SPISEK, Sean B. Maraynes, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY (for Maria Dimeo); |
| | ANGELA M. RIBAUDO, Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson LLP, New York, NY (for Crisanta Rockwell). |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Roberto Jackson, proceeding pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*), entered February 24, 2016, dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) his claims against parole officers, an administrative law judge ("ALJ"), and private mental health providers under 42 U.S.C. § 1983 for violations of his First Amendment rights, rights to procedural and substantive due process, the Health Insurance Portability and Accountability Act ("HIPAA"), and New York State confidentiality laws. He alleged that (1) his therapist, Maria Dimeo, told his parole officer, Angie Ramirez, that he threatened her; (2) Ramirez forged Dimeo's report of the threat, resulting in his arrest for violation of parole; and (3) Administrative Law Judge ("ALJ") Amy Porter, who

2

oversaw the parole revocation hearing, was biased against him. Jackson's complaint raised numerous claims against various defendants. On appeal, he challenges only the dismissal of his procedural due process claim against ALJ Porter, his claims for monetary damages against state officials in their official capacities, and his breach-of-confidentiality claims against Dimeo. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

The district court properly dismissed Jackson's procedural due process claims against ALJ Porter on immunity grounds. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," and "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Quasi-judicial immunity is given to a person whose role is "'functionally comparable' to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513 (1978). Consequently, an official who presides over a parole revocation hearing is entitled to quasi-judicial immunity. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) ("[P]arole board officials, like judges, are entitled to absolute

3

immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole.").

The district court correctly dismissed Jackson's claims for monetary damages against the state defendants in their official capacities. The Eleventh Amendment precludes suits against states unless the state expressly waives immunity or Congress abrogates it. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 95 (2d Cir. 2002). A claim against state officials in their official capacities is likewise barred. *Davis v. New York*, 316 F.3d 93, 101–02 (2d Cir. 2002). New York has not waived its immunity, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977), nor has Congress abrogated it, *Dube v. State Univ. of N.Y.*, 900 F.2d 588, 594 (2d Cir. 1990).

To the extent that Jackson challenges the dismissal of his substantive due process claims against Dimeo, his claim fails. Jackson alleged that Dimeo disclosed his missed appointments, bipolar diagnosis and medication to Ramirez. Even assuming that Jackson has a protected interest in his medical records and that Dimeo is a state actor, "'only the most egregious official conduct,' conduct that 'shocks the conscience,' will subject the government to liability for a substantive due process violation based on executive action." *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005) (internal citation omitted); *see also id.* ("[M]ere negligence will never give rise to a substantive due process violation."). Although Jackson denies signing a consent form for Montefiore to release his medical information, that consent was a condition of parole. Thus, it is implausible to suggest that Dimeo's disclosure pursuant to that condition was conscience-shocking conduct. *See Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").

4

Finally, the district court properly dismissed Jackson's claims that invoked HIPAA and state law. As for the district court's determination that HIPAA does not provide an individual private right of action, Jackson failed to challenge that determination in his appellate brief and has therefore abandoned it. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In addition, the district court had the discretion to decline to exercise supplemental jurisdiction over Jackson's state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

We have considered all of Jackson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5