16-3434-cv
*Williams v. Riley*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        JOSÈ A. CABRANES,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

STEPHEN JOHN WILLIAMS,
            *Plaintiff-Appellant,*

        v.                                      16-3434

MICHAEL E. RILEY, FRANCIS J. FOLEY, III,
GINA MANCINI-PICKETT,
            *Defendants-Appellees.*[†]

_____

FOR PLAINTIFF-APPELLANT:        Stephen John Williams, pro se,
                                Storrs, CT.

_____

[†] The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

**FOR DEFENDANTS-APPELLEES:** Maura Murphy Osborne, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Stephen Williams, a suspended attorney appearing pro se, sued two state judges and a court clerk under 42 U.S.C. § 1983 and state law for violating his constitutional rights during state court proceedings that stemmed from his challenge to a speeding ticket and that resulted in attorney disciplinary charges and suspension of his law license. The district court dismissed the complaint based on judicial and quasi-judicial immunity, denied Williams's motion to disqualify the Connecticut Attorney General ("AG") from acting as defendants' counsel, and denied leave to amend the complaint a second time. Williams now appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We "review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all factual allegations in a complaint are accepted as true, that requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Denials of leave to amend and decisions on motions to disqualify an attorney are reviewed for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).

Williams's brief fails to challenge the ruling that judicial and quasi-judicial immunity barred his claims against

the defendants and instead only challenges the district court's determination that two of the defendants were not properly served. Nevertheless, upon review, we conclude that the district court correctly determined that Williams's claims against all of the defendants were barred by immunity. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned August 25, 2016 decision. As the district court determined, the allegations against Judges Francis Foley and Michael Riley concern conduct within their capacity and jurisdiction as judges. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). And the allegations against Gina Mancini-Pickett concern her management of individual cases, for which she enjoys immunity. *See id.* at 210-11; *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

As to injunctive relief: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The individual defendants here were judicial officers because they were either judges or entitled to quasi-judicial immunity. *See Montero v. Travis*, 171 F.3d 757, 759-61 (2d Cir. 1999) (per curiam). Williams did not allege that the defendants violated a declaratory decree or that declaratory relief was unavailable. The district court properly dismissed the claims for injunctive relief.

The district court did not err in denying leave to amend the complaint. "Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal citation omitted). District courts may deny leave to amend "for good reason, including futility . . . ." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). The district court did not abuse its discretion in determining that Williams's proposed amendment failed to plausibly allege that Judge Foley was acting under the color of state law when he called the police

3

about a suspicious package, which turned out to be legal documents from Williams. Nor did Williams allege that Judge Foley's actions denied him federal rights. Because Williams's proposed claims against Judge Foley failed to state a claim under § 1983, any amendment would have been futile. *See Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998) ("A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges.").

Finally, Williams challenges the denial of his motions to disqualify the defendants' counsel, the AG. Williams advances three grounds: (1) the AG is precluded from representing the defendants because the AG withdrew from a prior state court case after Williams filed a disqualification motion; (2) the AG is statutorily barred from representing the defendants; and (3) the AG cannot simultaneously represent the defendants and "act[] as a prosecutor," Appellant's Br. at 12, by defending the merits of the underlying disciplinary decision. All three arguments are meritless. Williams admitted that the prior disqualification motion was never decided--it was denied as moot because the AG withdrew prior to the state court's consideration of it--and therefore cannot preclude the AG from representing the defendants in this case. *See Jackson v. R.G. Wipple, Inc*., 225 Conn. 705, 714 (1993) ("For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (internal quotation marks and emphasis omitted)). Further, the AG is empowered to represent "any . . . state officer, employee or member in any civil action or proceeding . . . arising out of any alleged act, omission or deprivation which occurred or is alleged to have occurred while the officer, employee or member was acting in the discharge of his duties or in the scope of his employment . . . ." Conn. Gen. Stat. § 5-141d(b). Lastly, the AG's representation of the defendants in this civil lawsuit does not amount to prosecution, and does not constitute a conflict of interest because the assistant attorney general representing the defendants has

4

never previously pursued disciplinary charges against Williams.

We have considered all of Williams's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5