20-4018-cv
McCluskey v. Roberts

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Peter McCluskey,

> *Plaintiff-Appellant*,

v.                                                            20-4018

Samuel D. Roberts, New York State Commissioner of the Office of Temporary and Disability Assistance, acting in his Individual Capacity, Darla P. Oto, Principal Hearing Officer of the Office of Temporary and Disability Assistance, acting in her Individual Capacity,

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Peter McCluskey, pro se, Lynbrook, NY. |
| **FOR DEFENDANTS-APPELLEES:** | David Lawrence, III, Assistant Solicitor General, Judith N. Vale, |

Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 18, 2020 judgment and November 3, 2020 order of the district court are **AFFIRMED**.

Pro se plaintiff Peter McCluskey sued Samuel Roberts, the New York State Commissioner of the Office of Temporary and Disability Assistance ("OTDA"), and Darla Oto, the Principal Hearing Officer of the OTDA, in their individual capacities, asserting claims under 42 U.S.C. § 1983. He alleged primarily that defendants denied him Supplemental Nutrition Assistance Program ("SNAP") benefits in violation of 7 U.S.C. § 2014(e)(5)(B)(ii)(II) and (III), 7 U.S.C. § 2020(e)(3), 7 C.F.R. § 273.10(d)(4), and New York Social Services Law ("NYSSL") § 22(2). The district court granted defendants' motion to dismiss the complaint and denied McCluskey's Rule 59(e) motion to alter or amend the judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision.

## I.     Jurisdiction

Neither party has raised any issue concerning our jurisdiction over an appeal from the judgment or order denying Rule 59(e) relief. Nonetheless, we have an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte.*" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

In general, the time to appeal a judgment is tolled by the timely filing of a Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A). To be timely, a Rule 59(e) motion must be filed within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). When a Rule 59(e) motion is untimely filed, affecting the time for filing a notice of appeal, this Court will generally treat it as a motion for reconsideration under Rule 60(b). *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991); *see also* Fed. R. Civ. P. 60(c) (requiring that a Rule 60(b) motion "be made within a reasonable time" after entry of judgment or order, subject to certain limitations). Federal Rule of Appellate Procedure (FRAP) 4(a)(4)(A)(vi) provides that, even if filed "within a reasonable time," a Rule 60(b) motion does not toll the time to appeal the underlying judgment unless it is filed within 28 days after the entry of judgment or order appealed from. Even so, we have recognized that FRAP 4(a)(4)(A)(vi) is not jurisdictional; rather, it is a "claim-processing rule" and is therefore subject to waiver and equitable exceptions. *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 312 (2d Cir. 2015).

Here, the district court granted defendants' motion to dismiss and entered judgment dismissing the complaint on May 18, 2020. McCluskey's Rule 59(e) motion to alter or amend that judgment was mailed from Lynbrook, New York, and is postmarked June 10—five days *before* the 28-day time limit expired on June 15. The Clerk's Office in the U.S. District Court for the Eastern District of New York, in Brooklyn, New York, stamped the motion "filed" and docketed the motion on June 22— twelve days after the postmark date and seven days after expiration of the 28-day period for filing a Rule 59(e) motion. On November 3, the district court denied McCluskey's motion on its merits, making no mention of the motion's untimeliness.

McCluskey's notice of appeal was docketed on November 30. The time limit for appealing the May 18 dismissal judgment was not automatically tolled under FRAP 4(a)(4)(A) because his Rule 59(e) motion was filed outside the 28-day limit. As a result, we would ordinarily exercise

3

jurisdiction over his appeal only insofar as he challenged the November 3 order denying reconsideration under Rule 59(e), and not the May 18 dismissal judgment, absent reasons for making an equitable exception to the untimeliness.

Because no party contends that the Clerk's Office received the motion on an earlier date than the docket reflects, we presume that the motion was in fact delivered to the district court and filed on June 22. *See generally Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) (a paper filed by mail "is considered 'filed' when delivered to the Clerk's Office"); 1 Moore's Federal Practice § 5.30 (3d ed. 2021) ("If papers sought to be filed are mailed well before a deadline and arrive one day after the deadline, the filing is untimely."). We observe, however, that the month of June 2020 was one in which ordinary expectations of timely mail delivery were disrupted by the tumultuous onset of the COVID-19 pandemic. Moreover, defendants raised no timeliness issue before the district court or on appeal.

Under these circumstances, we conclude that the equities favor granting an equitable exception in favor of McCluskey so as to permit consideration of the entirety of his appeal. *See Weitzner*, 802 F.3d at 312. We therefore construe his Rule 59(e) motion as a motion filed under Rule 60(b) within a reasonable time after entry of the dismissal judgment, and, in acknowledgment of the severe constraints placed on filing and processing documents with the courts during the early days of the pandemic, we make an equitable exception relieving him of the otherwise applicable 28-day limit imposed by FRAP 4(a)(4)(A)(vi).

We thus proceed now to review not only the district court's November 3 denial of reconsideration but also the merits of its May 18 order and judgment dismissing the case.

**II.     Waiver**

4

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," this Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*

McCluskey raises some arguments—including that he alleged a due process claim and that judicial immunity does not protect Oto from suit for her participation in an alleged conspiracy to cover up OTDA's wrongdoing in unlawfully denying his SNAP benefits—for the first time on appeal, and therefore they are waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

## III. The district court's judgment and denial of reconsideration are affirmed

On de novo review, we identify no error in the district court's judgment dismissing the complaint, and McCluskey has not established any abuse of discretion in its denial of what we treat as his Rule 60(b) motion for reconsideration. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Rule 60(b)[ is] a mechanism for extraordinary judicial relief" appropriately granted only where the moving party shows "exceptional circumstances." (internal quotation marks omitted)).

The district court dismissed McCluskey's complaint principally on the ground of res judicata. It found that (1) McCluskey's 2017 action against Roberts and Oto (as well as two other individuals) was dismissed for failure to state a claim and thus adjudicated on the merits, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); (2) McCluskey was the plaintiff in both actions; and (3) the claims raised in this action could have been asserted in the 2017 action because they involved the "same transaction or connected series of transactions," *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (internal quotation marks omitted).

In the alternative, the district court determined that the complaint was subject to dismissal because (1) McCluskey did not allege sufficient "personal involvement" by Roberts to state a section 1983 claim against him, *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); (2) his allegations against Oto involved actions taken only in her judicial capacity as an OTDA hearing officer and were therefore barred by judicial immunity; and (3) he failed to allege "the violation of a federal *right,* not merely a violation of federal *law*," *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). As explained in more detail below, we identify no error in these conclusions.

McCluskey argued in his motion for reconsideration that (1) res judicata did not bar his lawsuit because his complaint included claims arising from events that occurred after the first suit was decided; (2) other circuit courts have found, for res judicata purposes, that officials sued in their individual capacities are not in privity with themselves when sued in their official capacities; (3) he established a section 1983 claim, based on due process and federal statutory rights, for

6

violating the time limits set forth in 7 U.S.C. § 2020(e);[1] (4) he established a section 1983 claim against Roberts because Oto was Roberts's "agent" under NYSSL § 22(2); and (5) the district court overlooked allegations made in his proposed amended complaint that Oto and her attorneys engaged in a conspiracy to cover up OTDA's illegal action. We discuss these arguments below.

### A.        Failure to state a claim against Roberts

To state a claim for liability under section 1983 against a government official sued in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (internal quotation marks omitted). Such pleadings may not depend on a theory of supervisory liability, because "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 616 (internal quotation marks and alteration omitted). McCluskey therefore must establish that Roberts violated his constitutional rights through Roberts's own conduct, not through his supervision of others who may have committed the violation.

The complaint makes only two factual allegations involving Roberts. First, McCluskey alleges that, in September 2017, he sent Roberts a letter advising that the OTDA affirmed the decision denying McCluskey's application to increase his SNAP benefits and noting what he perceived as a conflict between 18 NYCRR § 387.12(c), the state regulation concerning medical expense deductions for purposes of calculating SNAP benefits, and 7 U.S.C. § 2014(e)(5)(B), the federal statute concerning the same. Second, McCluskey alleges that, by designating Oto to decide

_____

[1] Section 2020(e)(3) provides in part that the state agency administering the SNAP program will "complete certification of and provide an allotment retroactive to the period of application to any eligible household not later than thirty days following its filing of an application."

administrative appeals at the OTDA, Roberts acted contrary to his duty under NYSSL § 22(2), which provides for a fair hearing in appeals from denials of aid applications and allows an agency commissioner to designate staff to decide such appeals. In seeking reconsideration of the district court's dismissal of his section 1983 claims against Roberts, McCluskey argued that the court overlooked the implications of *Briggs v. Bremby*, 792 F.3d 239 (2d Cir. 2015), which he cites for the proposition that the OTDA commissioner can be required to enforce SNAP time limits. He further suggests that, under NYSSL § 22, Oto was Roberts's agent and "agency law" renders Roberts liable.

McCluskey does not allege that Roberts had any personal involvement in the decision denying him benefits. In alleging that Oto was Roberts's "agent" in denying benefits, McCluskey improperly seeks to hold Roberts liable for the actions of his subordinate. *See Littlejohn v. City of New York*, 795 F.3d 297, 314–15 (2d Cir. 2015) (dismissing section 1983 claim attempting to impose respondeat superior liability). Further, the text of NYSSL § 22 imposes no duty on Roberts to respond to McCluskey's letters to subordinates, and the allegation that Roberts failed to respond to McCluskey's letter is not sufficient to plead Roberts's personal involvement under section 1983. *See Delee v. Hannigan*, 729 F. App'x 25, 32 (2d Cir. 2018) (summary order) (defendant's "decision not to act on a letter received . . . [was] insufficient to establish personal involvement by a supervisor" under section 1983).

Moreover, *Briggs*, which did not effect an intervening change of controlling law, has no applicability here, notwithstanding McCluskey's arguments to the contrary. In *Briggs*, the plaintiff sued the Connecticut Commissioner of the Department of Social Services in his official capacity, complaining of untimely processing of the plaintiff's SNAP application under 7 U.S.C. § 2020(e). 792 F.3d at 241. We held that those time limits were privately enforceable through section 1983.

8

*Id.* at 245–46. But the Commissioner's personal involvement was not an issue in *Briggs*, and McCluskey did not allege a claim for violation of the section 2020(e) time limits in his complaint here.

Accordingly, we affirm the district court's ruling that McCluskey failed to state a claim for relief against Roberts.

**B.      Failure to state a claim against Oto**

McCluskey alleged that Oto, an OTDA Principal Hearing Officer, responded to his request for review in a September 2017 letter that acknowledged McCluskey's contentions that his rights were violated but did not specifically address them, and concluded that the decision denying the SNAP increases was correct. In December 2017, Oto wrote to McCluskey again, reiterating that that denial decision was correct but offering a further hearing to reexamine his dental expense documents, including anticipated expenses. McCluskey's complaint also alluded to a telephone call that McCluskey had with OTDA's counsel, which apparently prompted McCluskey to contact the U.S. Attorney's Office alleging violations of 18 U.S.C. § 371 and obstruction of justice.[2]

It is "well established that officials acting in a judicial capacity are entitled to absolute immunity against section 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). Such immunity also "extends to administrative officials performing functions closely associated with the judicial process," such as hearing examiners, because their roles are "functionally comparable to that of a judge." *Id.* (internal quotation marks omitted). McCluskey sued Oto in her individual capacity for money damages. Oto served as an OTDA Principal Hearing Officer, adjudicating SNAP benefit

---

[2] Section 371 criminalizes a conspiracy to commit an offense against or defraud the United States or any of its agencies. 18 U.S.C. § 371.

9

application appeals. The conduct to which McCluskey objected occurred while Oto served in that adjudicatory capacity, and the court properly ruled that claims against her were barred by judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

In his motion for reconsideration, McCluskey argued that the district court overlooked his allegations that Oto engaged in a corrupt conspiracy to cover up OTDA's wrongdoing and that such behavior stated a claim under section 1983. This argument is unavailing. McCluskey's civil complaint contained only a vague reference to his filing a criminal complaint with the U.S. Attorney's Office in which he alleged a violation of 18 U.S.C. § 371; the civil complaint at issue provided no details, such as the names of those involved in the alleged conspiracy.[3] *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (complaints containing only conclusory, vague, or general allegations that defendants engaged in a conspiracy to deprive plaintiff of constitutional rights are properly dismissed).

Judicial immunity is overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). In the first circumstance, "the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. The judicial immunity doctrine "protects judges from civil actions even when they perform judicial acts in excess of their authority, even when such acts are allegedly done maliciously or corruptly." *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988). The alleged conspiracy, and any allegedly corrupt acts regarding

---

[3] McCluskey provided further allegations of a conspiracy in his proposed amended complaint, but that is not the operative pleading in this appeal.

10

that purported conspiracy, were pursued by Oto in her capacity as a hearing officer in McCluskey's individual case and were therefore "judicial in nature." *Bliven*, 579 F.3d at 210. Judicial immunity applies to these judicial acts even if they were allegedly done maliciously or corruptly. *See Maestri*, 860 F.2d at 52. Accordingly, we affirm the district court's ruling that McCluskey failed to state a claim for relief against Oto.

We have considered McCluskey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the May 18, 2020 judgment and November 3, 2020 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11